45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marc EASTON, Plaintiff-Appellant,
v.
UNITED STATES CORRECTIONS CORPORATION; Jan T. Fuson;
Norman Brady, Sgt.; Linda Purdy; Hayden Johnson;
Rick Smith, Sgt., Defendants-Appellees.
 No. 94-5248.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: BROWN, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Marc Easton appeals from a directed verdict for the defendants in this prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Marc Easton is a Kentucky inmate. He filed a civil rights complaint against the United States Corrections Corporation and several individual prison employees in which he complained of an unconstitutional prison disciplinary proceeding. The matter proceeded to trial and the court granted a defense motion for a directed verdict. This appeal followed. Easton has submitted a brief in his own behalf; the defendants have indicated they will not be filing a brief unless so directed.
 
 
 3
 The record on appeal reflects the following: On May 22, 1990, inmate Marc Easton was subjected to a prison-administered urinalysis consisting of an "OnTrak Rapid Assay Test" and later verified by an "EMIT-ST Drug Detection Test." The sampling tested positive for the presence of cocaine metabolites. On May 30, 1990, Easton was given a disciplinary citation for "possession or promoting of dangerous contraband," a "category 6, item 4" offense. He was informed the citation was based on this urinalysis and was advised of his rights and of an impending Adjustment Committee [Committee] hearing. On June 7, 1990, Easton met with the Committee. The Committee decided to amend the original charge to "unauthorized use of drugs/intoxicants," with a new offense rating of "category 4, item 2" and found Easton guilty of the charge as amended. The penalty imposed was the forfeiture of 60 days good-time.
 
 
 4
 Easton thereafter filed the instant lawsuit. The issue, as sharpened through the course of the litigation and reflected in the text of the directed verdict, was whether or not Easton's due process rights were infringed. This was allegedly manifested both by the Committee's decision to amend the charge and by the finding of guilt as it was not supported by the necessary quantum of evidence. Easton requested both monetary and injunctive relief, specifically, the reinstatement of the forfeited good-time credits.
 
 
 5
 The matter proceeded to trial and the district court granted a defense motion for a directed verdict at the conclusion of all the evidence. The court found Easton had ample notice of the nature of the charge against him and that his objections to the quantum of the supporting evidence were constitutionally inadequate. This appeal followed. Easton raises the same basic arguments on appeal.
 
 
 6
 This court reviews a directed verdict (the precursor of "judgment as a matter of law" under Fed.R.Civ.P. 50(a)) de novo. King v. Love, 766 F.2d 962, 969 (6th Cir.), cert. denied, 474 U.S. 971 (1985). This review entails construing the evidence in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences. Danielson v. City of Lorain, 938 F.2d 681, 683 (6th Cir.1991). Where no reasonable juror could find for the nonmoving party, a directed verdict is appropriate. Fite v. First Tennessee Prod. Credit Ass'n, 861 F.2d 884, 889 (6th Cir.1988).
 
 
 7
 Prisoners facing the potential loss of good-time credits for a disciplinary infraction are entitled to advance notice of the charge, an evidentiary hearing, a decision by an impartial tribunal, and a written statement outlining the reasons for their decision. Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989) (citing Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974)). The record in the appeal at bar shows that Easton was notified several days in advance of an impending disciplinary hearing based on the results of a drug screen. He was accorded a hearing before the Committee, whose impartiality he does not question, and was provided with a written copy of their decision and rationale. That the specific charge was changed is not material where Easton was on notice of the only evidence against him, viz., the results of the urinalysis, supporting the new charge. This claim, that Easton was harmed by the amendment of the charge, lacks merit.
 
 
 8
 Easton's contention concerning the quantum of evidence supporting the Committee's finding, based on an alleged faulty chain of custody, is likewise meritless. A prison disciplinary board's decision to find an inmate guilty of a charged offense must be supported by "some evidence." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). This review does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Id. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the board. Id. The record before the court contains the disciplinary board's finding as well as the copies of the initial and final urinalysis. Both reports show inmate Easton tested positive for the presence of cocaine metabolite. Easton's "chain of custody" contention is that the incident report shows that the sample was stored approximately three hours before it was taken from him. Due process, however, does not require that these procedures be so comprehensive as to preclude any possibility of error. Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989). This would seem especially true where, as here, it seems likely that no real error (other than a harmless misstatement of the time) occurred as the same officer attested to witnessing the sample, processing it, storing it and then testing it. In addition, the "EMIT" test used has been held to be sufficiently reliable to constitute "some evidence" of drug usage in this context. Id. There are no other objections to the district court's decision. The appeal is without merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.